## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LYONS, | ) |
| | ) Civil Action No. 3: 12-cv-00182 |
| Plaintiff, | ) |
| | ) United States Judge Kim R. Gibson |
| v. | ) |
| | ) United States Magistrate Judge |
| CAROL ICKES; *et al*, | ) Cynthia Reed Eddy |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on August 29, 2012, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court.

On November 19, 2013, the Magistrate Judge filed a Report and Recommendation (ECF No. 73) recommending that the Motion for Summary Judgment filed by Defendants (ECF No. 57) be granted as to all federal claims on the ground that Plaintiff did not properly exhaust his administrative remedies pursuant to the PLRA. Plaintiff, through counsel, filed Objections to the Report and Recommendation on December 4, 2013 (ECF No. 74). The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

The DOC's grievance policy is set forth in DC-ADM- 804. *See Mack v. Klopotoski*, --- F. App'x ---, 2013 WL 5070524 (3d Cir. 2013); *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). The record before the Court demonstrates that Plaintiff received an initial response to his grievance. While Plaintiff may have made verbal requests to prison staff, and apparently wrote the PRC about obtaining an appeal, the undeniable fact remains that Plaintiff did not grieve the

1

initial response to the Facility Manager, or notify the Facility Manager of the reason for the delay as required in Step 2 of the DOC's grievance process. Accordingly, the Court finds that Defendants have affirmatively demonstrated that Plaintiff did not properly comply with the requirements of DC-ADM 804 as he failed to appeal the denial of his grievance to the second or third level of review. Likewise, the Court finds that Plaintiff has not demonstrated that prison officials interfered with his ability to exhaust his available administrative remedies or that the DOC's administrative remedy process was unknown or unavailable to him.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following Order is entered:

**AND NOW**, this **16th** day of January, 2014;

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants (ECF No. 57) is **GRANTED** as to all federal claims on the ground that Plaintiff did not properly exhaust his administrative remedies pursuant to the PLRA.

**IT IS ORDERED** that Plaintiff's state law negligence claims are **DISMISSED** without prejudice forthwith;

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 73) dated November 19, 2013, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

2

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Kim R. Gibson
United States District Judge

cc:    Carlyle J. Engel, Esquire
Swensen, Perer & Kontos
Email: cjengel@spkpowerlaw.com

Yana L. Chudnovsky
Office of Attorney General
Email: ychudnovsky@attorneygeneral.gov